# Exhibit A

**COSTELLO & SILVERMAN, LLC**
By:  Michael J. Reilly
Attorney I.D. No. 042522012
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
mreilly@costellosilverman.com
Attorneys for Plaintiff

---

| | |
|---|---|
| ARI MOSKOVITZ,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.; and JOHN DOES 1-5 AND 6-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO:<br><br>**COMPLAINT AND JURY DEMAND** |

---

Plaintiff, Ari Moskovitz, residing Cherry Hill, New Jersey, by way of Complaint against the Defendants, says:

**Preliminary Statement**

This matter is opened to the Court under the New Jersey Conscientious Employee Protection Act ("CEPA") alleging that Plaintiff was terminated in retaliation for objecting to unlawful conduct or conduct that violated public policy.

**Identification of Parties**

1.     Plaintiff Ari Moskovitz is, at all relevant times herein, a resident of the State of New Jersey and was an employee of Defendants.

2.     Defendant Tesla, Inc. is, at all relevant times herein, an entity conducting business in the State of New Jersey at 2040 Springdale Road, Cherry Hill, New Jersey 08003 and was the employer of Plaintiff.

3.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

## General Allegations

4.     Defendant employed Plaintiff as a paint prepper from on or about December 11, 2023, until his unlawful termination on or about May 26, 2025.

5.     At all relevant times, Plaintiff performed up to and/or beyond the reasonable expectations of his employer.

6.     In or around December 2024, Plaintiff observed Basuti, the head detailer, stealing scrap metal from Defendant.

7.     Plaintiff also heard Basuti bragging to other coworkers about stealing scrap metal from the company.

8.     Plaintiff reasonably believed this to be unlawful and/or against the public policy of the State of New Jersey.

9.     In fact, N.J.A.C. 2C:20-3, theft by unlawful taking or disposition, provides that, "a person is guilty of theft if they unlawfully take or exercise control over movable property of another with the intent to deprive the owner of it.

10.     Plaintiff reported Basuti's theft to Courtney Griffiths several times in or around December 2025.

11.     In doing so, Plaintiff engaged in CEPA-protected conduct.

12.     In or around March 2025, Plaintiff and several other employees were interviewed by the legal department regarding Basuti's theft.

13.     Around the same time, Plaintiff's manager, Michael Shay ("Mr. Shay"), learned that Basuti was in fact stealing scrap metal.

14.     Mr. Shay and Basuti were friends.

15.     In or around the middle of May 2025, Plaintiff and another prepper, Connor Slaughter ("Mr. Slaughter"), commented in a Teams chat regarding management needing to oversee the night shift a little better because employees were not cleaning up properly.

16.     Shortly thereafter, Plaintiff and Mr. Slaughter were brought into the office to meet with Mr. Shay and Jay Diaz ("Mr. Diaz"), the assistant manager.

17.     Plaintiff and Mr. Slaughter were told to stop using the Teams chat to "start drama."

18.     During the meeting, Mr. Diaz became upset and told Plaintiff he knew that Plaintiff was the one who "snitched" in reference to the investigation regarding Basuti's theft.

19.     Mr. Diaz continued to say "nobody wanted [Plaintiff] there anymore" as they would be constantly looking over their shoulders because they "know he called human resources."

20.     Plaintiff took a previously approved vacation from May 20, 2025 through May 26, 2025.

21.     This vacation had been approved by both Mr. Shay and Mr. Diaz.

22.     When Plaintiff returned from his vacation, Mr. Shay terminated his employment.

23.     Plaintiff was told that he was terminated because he took an unauthorized vacation.

24.     Plaintiff reminded Mr. Shay that he approved the vacation.

25.     Mr. Shay continued to state the previously approved vacation was unauthorized.

3

26.     Plaintiff was thereby terminated.

27.     A determinative and/or motivating factor in Plaintiff's discharge was Plaintiff's CEPA-protected conduct.

28.     Any other stated reason for Plaintiff's termination is false and/or pretext.

29.     As a result of the unlawful retaliation, Plaintiff has been forced to suffer both economic and emotional harm.

30.     Because the above described conduct was egregious, intentional, malicious and/or undertaken with a willful and wanton disregard for the rights of Plaintiff, and because members of upper management participated in and/or were willfully indifferent to the same, punitive damages are warranted.

## COUNT I

## CEPA

31.     Plaintiff hereby repeats and re-alleges all preceding paragraphs as though fully set forth herein.

32.     For the reasons set forth above, the Defendants have unlawfully retaliated against Plaintiff such that they are liable under CEPA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### <u>Request for Equitable Relief</u>

33.    Plaintiff hereby repeats and re-alleges all preceding paragraphs as though fully set forth herein.

34.    Plaintiff requests the following equitable remedies and relief in this matter.

35.    Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

36.    Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

37.    To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

38.    Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

39.    Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

40.    Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

5

41.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & SILVERMAN, LLC**

By: __*/s/ Michael J. Reilly*_____

Dated:  February 11, 2026                    **Michael J. Reilly**

6

# Exhibit B

CAMDEN COUNTY SUPERIOR COURT
101 S FIFTH STREET
SUITE 150
CAMDEN             NJ 08103

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:    FEBRUARY 11, 2026
                    RE:      MOSKOVITZ ARI  VS TESLA, INC.
                    DOCKET: CAM L -000481 26


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.


     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON FRANK C. TESTA


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     301
AT:  (856) 650-9100 EXT 44248.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                              ATT: MICHAEL J. REILLY
                              COSTELLO & SILVERMAN, LLC
                              18000 HORIZON WAY
                              STE 800
                              MT LAUREL       NJ 08054-4319


ECOURTS

# Exhibit C

ARI MOSKOVITZ                                    Plaintiff
        vs.

TESLA, INC., ET AL                               Defendant

**Person to be served** (Name & Address):
TESLA, INC.
C/O CT CORPORATION SYSTEM, RA
820 BEAR TAVERN ROAD
WEST TRENTON, NJ 08628

**Attorney:**
Michael J. Reilly

Superior Court of New Jersey
Law Division
Camden County
Docket Number: CAM-L-000481-26

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

STS2026012725

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Letter, Summons, Complaint, Demand to Preserve Evidence, Jury Demand, Rule 4:5-1 Certification, Designation Of Trial Counsel, Plaintiff's First Set of Interrogatories Directed to Defendants, Definitions, Instructions, Interrogatories, Certification, Plaintiff's First Request For Production Of Documents, Certification, CIS, Track Assignment Notice and Lawyers Referral List

**Service Data:**

Served Successfully__**X**__     Not Served_____     Date: 2/24/2026_____     Time: 11:48 am__     Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

__**X**__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

Helen Saunders_____

Registered Agent/Managing Agent At RA Office_____

**Description of Person Accepting Service:**

Sex: F____     Age: 67____     Height: 5'5"__     Weight: 180__     Skin Color: Brown_____     Hair Color: Black_____

**Comments or Remarks:**

**Server Data:**

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on _____2026 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

HelloSign Approved E-Signature

I, Sharon McCabe Villa, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____          02 / 27 / 2026
Signature of Process Server                              Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2026012725
Ref: NA

Doc ID: 26aff95ee11e6c64b2e49ba863072ed41c283db2